UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MARY ELIZABETH WINKIN,<br><br>Plaintiff<br><br>v.<br><br>OPEN AI INC., *et al.*,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-00142-LEW |

**ORDER OF DISMISSAL**

Mary Elizabeth Winkin, Plaintiff, has filed a complaint (ECF No. 1) and *ex parte* motion for temporary restraining order (ECF No. 4) against a number of individuals and entities in the artificial intelligence field, as well as the Kennebec County Sheriff's Department, a Maine judge, and an assistant district attorney. Plaintiff would like for the Court to appoint her an attorney (ECF No. 5) and to extend time to gather records and evidence (ECF No. 6). Plaintiff also sought leave to proceed without prepayment of the filing fee (ECF No. 3), a request that the Court has already granted (ECF No. 8).

Because Plaintiff proceeds without prepayment of the filing fee, the Court screens her complaint to ensure that it states a claim against a defendant before a defendant will be served with her complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Only if Plaintiff's complaint states one or more claim against one or more defendant will it be necessary to rule on her motions.

Plaintiff's allegations are scattered and offer no indication why these varied defendants are joined together in one civil action. Additionally, Plaintiff's allegations are

exceedingly difficult to follow. There is no coherent narrative. It is apparent that she is dissatisfied with treatment she received from some local authorities. She even alleges physical harm through an application of excessive force and resulting harm,[1] evidently in connection with an arrest and 48-hour incarceration, all of which perhaps somehow relates to a fence or barrier placed within a subdivision of land. However, there simply is no framework of facts through which to find that this complaint would provide notice to any of the Maine-based defendants who are identified why they are being hauled into this court to answer a claim for which relief might be granted.

As for the AI-related defendants, Plaintiff's complaint allegations are even less understandable. Plaintiff alleges someone has stolen her trade secrets or code or even her ideas, perhaps in connection with her use of an AI product, for which she seeks varied relief, including an "audit of all defendants' logs for spikes, triggers, stolen headers, mentions of skipzoid movie, mars colonies, asteroid mining, dark matter, Iceland," etc., as well as "one turkey on Rye, mayo, mustard, Swiss cheese, and pickles." In her TRO motion, which is focused on the AI defendants, Plaintiff offers some additional assertions, in particular concerning xAI and Grok, and it appears she wants someone to look into Grok's memory core because her logs and/or chats have been deleted.

The Federal Rules of Civil Procedure require Plaintiff provide in her complaint only "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is not a demanding one, but Plaintiff's complaint (which I have construed liberally, recognizing that she proceeds *pro se*) fails to clear that bar in its

[1] There is no individual named in the complaint who plausibly would be liable for an excessive force claim.

current state. Based on a review of the pleadings, the most I can infer is that Plaintiff has had negative interactions with county and state authorities and has lost some provocative interactions with one or more AI bots. Ultimately, the complaint in its current form is too random and disorganized to state a plausible claim against any of the named defendants and is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(2). Plaintiff's TRO motion, motion for appointment of counsel, and motion for extension are DISMISSED AS MOOT.

Plaintiff is advised that repeated filings of incoherent or fanciful complaints will result in the imposition of filing restrictions. *See Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993). This represents the "cautionary order" of which *Cok* speaks. *Id.* Groundless and inappropriate filings will not be condoned.

**SO ORDERED.**

Dated this 26th day of March, 2026.

/S/ Lance E. Walker
Chief U.S. District Judge